UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TRACY IRENE KRONTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:07-CV-303 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on *pro se* Plaintiff Tracy Irene Krontz's letter, filed April 17, 2008, requesting an entry of default against the Commissioner and opposing the Commissioner's Motion for Extension of Time to File an Answer to Krontz's complaint. (Docket # 16.)  Essentially, Krontz contends that the Commissioner had two months to answer her complaint and should have done so within that time period. (Docket # 16.)  Krontz's requests, however, are DENIED.

To begin, default is not proper in this instance.  On April 15, 2008, the Court granted the Commissioner's Motion for an Extension of Time (Docket # 14), giving the Commissioner until May 14, 2008, to answer the complaint.  (Docket # 15.)  Thus, the Commissioner's time to file an answer has not yet expired.  *See* Fed. R. Civ. P. 55(a) (providing that default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise").

To the extent that Krontz's letter may be construed as a motion for the Court to reconsider its decision to grant the Commissioner an extension of time, such a request must also be denied, because the basis for granting the extension was appropriate.

The Court further apprises Krontz of the briefing schedule and refers her to Local Rule 7.3 of the United States District Court for the Northern District of Indiana, which sets forth the time for filing briefs in social security appeals. At this juncture, the briefing schedule has not yet commenced because the administrative record has not been filed (and it will not be until the answer is filed). Pursuant to Local Rule 7.3, Krontz "shall file an opening brief within forty-five (45) days of the date on which the administrative record is filed." N.D. Ind. L.R. 7.3(a). Then, "[t]he brief in opposition shall be filed within forty-five (45) days of the date on which the opening brief was filed." N.D. Ind. L.R. 7.3(b). Krontz may then file a reply brief "within ten (10) days of the filing of the brief in opposition." N.D. Ind. L.R. 7.3(c). Therefore, assuming these deadlines are met, it is not expected that the matter will be ripe for ruling until approximately late August 2008.

Accordingly, Krontz's requests for default and for reconsideration of the Court's decision to grant the Commissioner an extension of time, set forth in her letter filed April 17, 2008 (Docket # 16), are hereby DENIED.

SO ORDERED.

Enter for this 18th day of April, 2008.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
