**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| TRACY KRONTZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 1:07-CV-00303 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On April 18, 2008, Defendant Commissioner of Social Security ("Commissioner") filed a Motion to Dismiss With Prejudice (Docket # 17) seeking to dismiss this appeal by Plaintiff Tracy Krontz, who is proceeding *pro se*, of the Commissioner's final decision denying her application under the Social Security Act for disability insurance benefits. (Docket # 1.)  Krontz responded to the motion to dismiss on April 28, 2008 (Docket # 22-24), but the Commissioner declined to file a reply.  District Judge Theresa Springmann referred this case to the undersigned Magistrate Judge for the issuance of a Report and Recommendation. (Docket # 12.)

Having reviewed the record and pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(d)(1), the undersigned Magistrate Judge recommends that the Commissioner's motion to dismiss be DENIED.  This Report and Recommendation is based on the following facts and principles of law.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On October 27, 2006, an Administrative Law Judge ("ALJ") denied Krontz's application for disability benefits under the Social Security Act, concluding that she was not disabled because, despite the limitations caused by her impairments, she could perform her past relevant

work. (Def.'s Mem. in Supp. of Mot. to Dismiss With Prejudice Ex. A.)  Krontz then requested review of the ALJ's decision by the Appeals Council; on May 10, 2007, the Appeals Council denied Krontz's request, making the ALJ's decision the final decision of the Commissioner. (Def.'s Mem. in Supp. Ex. B.)

In its notice of denial, the Appeals Council advised Krontz that she could seek judicial review by filing a complaint with the district court within sixty days from the date of her receipt of the notice of denial. (Def.'s Mem. in Supp. Ex. B.)  The Appeals Council further advised Krontz: "We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." (Def.'s Mem. in Supp. Ex. B.)

On July 25, 2007, Krontz sent a letter to the Commissioner requesting an extension of time within which to file a complaint for judicial review. (Pl.'s Resp. Br. (Docket # 24) Exs. at 8.)  In a letter dated October 22, 2007, the Commissioner granted Krontz's request, extending the time to file a civil action for thirty days from the date that she received the letter.  (Pl.'s Resp. Br. Exs. at 10.) The notice of extension further stated: "We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." (Pl.'s Resp. Br. Exs. at 10.)

Krontz apparently did not receive the October 22, 2007, mailing from the Commissioner of the notice of extension and thus faxed a communication to the Commissioner on November 6, 2007, stating:

> I'm writing in regards to the letter that was supposedly sent to me on Oct. 22, 2007, [that] I have not yet received.  It dealt with a request of extension to file civil action.  I need this to get started and file.  Please fax me a copy to the fax that was sent out please.  Thanks[,] I greatly appreciate if you would.  Tired of

     waiting.
(Pl.'s Resp. Br. Exs. at 9.)  Twenty-three days later, that is, on November 29, 2007, Krontz filed this action for judicial review of the Commissioner's final decision. (Docket # 1.)  On April 18, 2008, the Commissioner filed the instant motion to dismiss, contending that Krontz's complaint was untimely because she filed it "after the statute of limitations had expired." (Def.'s Mot. to Dismiss With Prejudice 1.)

## II.  DISCUSSION

     Judicial review of a final decision on disability claims arising under the Social Security Act is provided for and limited by 42 U.S.C. § 405(g), which states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The Commissioner, through regulation, has further interpreted the sixty-day statute of limitations:

> Any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause.  For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c); *see also Burns v. Heckler*, 619 F. Supp. 355, 358-59 (N.D. Ill. 1985).

"[T]he 60-day requirement is not jurisdictional, but constitutes a period of limitations that may be tolled by the commissioner or the court if fairness demands." *Sanchez ex rel. Sanchez v.*

3

*Barnhart*, No. 03-C-537-C, 2004 WL 1005589, at *2 (W.D. Wis. May 4, 2004); *see also Sims v. Comm'r of Soc. Sec.*, No. 01 C 778, 2002 WL 31883061, at *4 (N.D. Ill. Aug. 29, 2002) (stating that the sixty-day requirement is a statute of limitation, which is subject to waiver).

Considering the foregoing law, it is readily apparent that the Commissioner's motion to dismiss should be denied. In its motion, the Commissioner stated that Krontz filed her complaint over six months after the date shown on the Appeals Council's notice of denial for review and, furthermore, that "[t]here is no indication that [Krontz] received the notice of review after the presumed five days for mailing, or that [Krontz] requested from the Appeals Council an extension of time in which to file her complaint." (Def.'s Mem. in Supp. 1, 3 n.3.) Yet, contrary to the Commissioner's assertion, Krontz produced the October 22, 2007, letter penned by the Commissioner granting her an extension of time. Thus, the Commissioner's assertion appears patently incorrect, perhaps explaining its decision to forego filing a reply brief to its motion.

In any event, Krontz has produced sufficient evidence showing that her complaint was timely filed. The language of her November 6, 2007, facsimile to the Commissioner suggests that she had not yet received the Commissioner's notice of extension as of that date. (Pl.'s Resp. Br. Exs. at 9 ("In regards to the letter that was supposedly sent to me on Oct. 22, 2007, [that] I have not yet received.").) This is sufficient to rebut the presumption that she received the Commissioner's notice of extension five days after its date, as "the five-day presumption operates only if there is no evidence of *actual* receipt, which is the controlling fact that starts the clock ticking." *Hall v. Sec'y of Dept. of Health & Human Servs.*, No. 88 C 6573, 1988 WL 84729, at *1 (N.D. Ill. Aug. 11, 1988); *see also Burns*, 619 F. Supp. at 358 (stating that the five-

4

day presumption "is of the going-forward variety, with the ultimate burden of persuasion with respect to lack of timely filing on the agency." (citation omitted)); *see generally Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("[I]t is the well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration." (internal quotation marks and citations omitted)).

Therefore, assuming (and the Commissioner does not challenge the assumption) that Krontz actually received the notice of a new thirty-day extension sometime after November 6, 2007, her November 29, 2007, complaint was timely filed well within the thirty days of her actual receipt of the Commissioner's communication.  Consequently, the Commissioner's motion to dismiss is unsupported.

### III.  CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Defendant's Motion to Dismiss With Prejudice (Docket # 17) be DENIED.

The Clerk is directed to send a copy of this Report and Recommendation to Krontz and counsel for the Commissioner.  NOTICE IS HEREBY GIVEN that within ten days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL

THE DISTRICT COURT'S ORDER.

    SO ORDERED.

    Enter for this 22nd day of May, 2008.

                                                    S/Roger B. Cosbey  
                                                    Roger B. Cosbey  
                                                    United States District Judge